Filed 9/18/14  P. v. Flowers CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL FLOWERS,<br><br>    Defendant and Appellant. | B249462<br><br>(Los Angeles County<br>Super. Ct. No. KA100017) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas C. Falls and Bruce F. Marrs, Judges.  Affirmed.

Marilyn Drath, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Louis W. Karlin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Michael Flowers appeals from the judgment of conviction. He contends the imposition of three one-year prior prison term enhancements were unauthorized, as he only served two prior prison terms. Appellant also requests that this court independently review the sealed transcript of the in camera proceeding on his motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). We conclude the sentencing claim is moot, as the trial court has corrected the error. After independently reviewing the *Pitchess* hearing, we affirm.

## PROCEDURAL HISTORY[1]

In May 2013, following a jury trial, appellant was found guilty of resisting an executive officer by means of threat or violence, in violation of Penal Code section 69.[2] The jury also found true the special allegation that appellant had suffered three prior convictions for purposes of section 667.5, subdivision (b): a 2002 conviction in *People v. Flowers* (Super. Ct., L.A. County, 2002, No. 054269), a 2004 conviction in *People v. Flowers* (Super. Ct., L.A. County, 2004, No. 066595), and a 2006 conviction in *People v. Flowers* (Super. Ct., L.A. County, 2006, No. 074821).

In June 2013, the trial court imposed a six-year sentence, consisting of the upper term of three years on the charged count and three one-year prior prison term enhancements under section 667.5, subdivision (b).

Appellant timely filed a notice of appeal. On April 29, 2014, appellate counsel requested that the trial court strike one of the section 667.5 enhancements, as appellant had served only two prison terms for the three prior convictions. On

---

[1]    As appellant raises purely legal issues, we omit a Statement of the Facts.

[2]    All further statutory citations are to the Penal Code.

2

May 16, 2014, the court amended the abstract of judgment to reflect only two section 667.5 enhancements.[3]

## DISCUSSION

As respondent notes, the sentencing relief sought by appellant has been granted, rendering his sentencing claim moot. Therefore, we address the sole remaining issue on appeal: appellant's request for independent review of the in camera proceeding on his *Pitchess* motion. Prior to trial, appellant filed a *Pitchess* motion, seeking personnel files of City of Pomona Police Department Officers J. Martinez and S. Perez relevant to allegations of use of excessive force, discriminatory bias, and fabrication of evidence. The trial court found good cause to hold an in camera hearing solely as to acts of violence and fabrication. After reviewing the materials, the court ordered certain documents disclosed to the defense. We review a trial court's decision on a *Pitchess* motion for an abuse of discretion. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228.)

This court has independently reviewed the sealed transcript of the in camera proceeding on the *Pitchess* motion. We conclude the trial court did not abuse its discretion in determining that six personnel files should be disclosed. (*People v. Mooc*, *supra*, 26 Cal.4th at p. 1232.)

---

[3] The trial court's amended abstract of judgment was requested and issued after appellant's opening brief was filed.

# DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.

4